UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAYNARD D. BROWN,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al,

Defendants.

Case No. 2:25-cv-02492-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Complaint together with his application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. The IFP is complete and granted below.

**I.    Screening the Complaint**

Having granted Plaintiff's IFP, The Court screens the Complaint under 28 U.S.C. § 1915(e)(2). In screening the Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether Plaintiff's Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

On or about March 2, 2025, Plaintiff alleges he and his girlfriend were sitting in a car parked at his apartment complex when Las Vegas Metropolitan Police Department ("LVMPD" or "Metro") Officer Weisman drove up behind the car, turned on his emergency lights, and drew his weapon. ECF No. 1-1 at 3. Allegedly, without conversation or warning, and his gun pointed at Plaintiff, Officer Weisman ordered Plaintiff out of the car with his hands up. *Id.* Once out of the car, Officer Weisman handcuffed and searched Plaintiff. *Id.* Plaintiff contends that when he turned around to address Officer Weisman, he was slammed on to the hood of a car. *Id.* at 5. Plaintiff maintains that from the outset, he was compliant with Officer Weisman's instructions. *Id.*

After a few minutes, other Metro officers arrived on the scene and told Plaintiff they were responding to a burglary. *Id.* at 3. Plaintiff says he was wearing a distinctive green sweater and red pants and, thus, asked the officers if there was a description of the suspected burglar. *Id.* Plaintiff was told the officers did not have a description and were waiting for camera footage that showed the suspect. *Id.* Plaintiff maintains he asked the officers to confirm his nearby residence by checking his driver's license or speaking with his girlfriend. *Id.* at 4. Nevertheless, Plaintiff was moved to the back of a patrol car. *Id.*

After an unidentified period of time, the officers apparently received video showing the burglary suspect to be a 6'2 white individual on a bicycle wearing a grey sweater and blue jeans. *Id.* Plaintiff describes himself as a 5'11 black man who, at the time of the incident, was in a car wearing a green sweater and red pants. *Id.* Despite these facts, Plaintiff says he was kept in the patrol car

2

while the officers spoke with his girlfriend. *Id*. After another unidentified period of time, Plaintiff was released from custody and told by Officer Weisman to "get out of here." *Id*.

**III.    Discussion**

Plaintiff alleges he was (1) unlawfully stopped and searched, (2) unlawfully arrested, and (3) subject to excessive force. *Id*. at 3, 5, 6. Plaintiff sets forth colorable claims for Fourth Amendment violations against Officer Weisman. However, because Plaintiff's claims lack facts demonstrating a wrongful act on the part of Officer Carr or the John Doe Officers, those claims are dismissed without prejudice and with leave to amend. Similarly, Plaintiff's claims against LVMPD are dismissed without prejudice and with leave to amend to allege facts supporting a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978).

      a.      <u>Plaintiff's Fourth Amendment Claims Against Officer Weisman Will Proceed</u>.

      *1.*      *Plaintiff States Fourth Amendment Claims for an Unlawful Stop and Frisk.*

"The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (internal citations and quotations omitted). Under *Terry v. Ohio*, 392 U.S. 1 (1968), police officers may conduct a brief, investigative stop of an individual when they have reasonable suspicion that the "person apprehended is committing or has committed a criminal offense." *Arizona v. Johnson*, 555 U.S. 323, 326 (2009). The Court examines the "totality of the circumstances" to determine whether a detaining officer has a "particularized and objective basis" for suspecting criminal wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). While "a mere hunch" is insufficient to "create reasonable suspicion, … the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Kansas v. Glover*, 589 U.S. 376, 380 (2020) (internal citation and quotation marks omitted). In addition, a police officer may search for weapons (a "*Terry* Frisk") when the officer has "reason to believe that he is dealing with an armed and dangerous individual." *Terry*, 392 U.S. at 27; *see also Ybarra v. Illinois*, 444 U.S. 85, 93-94 (1979) ("The

'narrow scope' of the *Terry* exception does not permit a frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked ....").

Plaintiff alleges that Officer Weisman ordered him out of his car at gun point. ECF No. 1-1 at 3. Only after being handcuffed and searched was Plaintiff informed that the officers were responding to a burglary in the apartment complex but were still waiting for a description of the suspect. *Id*. Taking Plaintiff's allegations as true, he alleges sufficient facts that the stop and search conducted by Officer Weisman was based on "a mere hunch" that he was the burglar as there appear to be no articulable facts to connect Plaintiff to the burglary other than a physical proximity to the scene. *Illinois v. Wardlow*, 528 U.S. 119, 120 (2000) ("An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime."). Thus, the Court finds Plaintiff states a claim for unlawful stop and unlawful frisk against Officer Weisman under the Fourth Amendment. *See Ramirez*, 560 F.3d at 1021-22.

>    *2.    Plaintiff States a Fourth Amendment Claim for Unlawful Arrest.*

A claim for false arrest under § 1983 requires Plaintiff to plead that he was arrested without probable cause. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). In *Washington v. Lambert*, the Ninth Circuit explained:

> There is no bright-line rule to determine when an investigatory stop becomes an arrest. Rather, in determining whether stops have turned into arrests, courts consider the "totality of the circumstances." As might be expected, the ultimate decision in such cases is fact-specific.
>
> In looking at the totality of the circumstances, we consider both the intrusiveness of the stop, i.e., the aggressiveness of the police methods and how much the plaintiff's liberty was restricted, and the justification for the use of such tactics, i.e., whether the officer had sufficient basis to fear for his safety to warrant the intrusiveness of the action taken.

98 F.3d 1181, 1185 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that after he was ordered out of his car at gun point, handcuffed, and searched he was moved to the back of a patrol car by Officer Weisman while the officers awaited video from the burglary. ECF No. 1-1 at 6. Plaintiff makes no effort to quantify how long he was held in the patrol car before or after the officers reviewed the footage showing the burglary suspect. *Id*.

4

However, Plaintiff does allege that Officer Weisman pointed a weapon at him, handcuffed him, and put him in the back of a patrol car all the while Plaintiff was cooperative, all facts that increase the severity of the encounter and, in turn, tend to establish that an arrest occurred. *Washington*, 98 F.3d at 1188-89. Thus, while Plaintiff's allegations are sparce when considering a claim that relies upon the totality of the circumstances, the Court finds, liberally construed, Plaintiff states an unlawful arrest claim against Officer Weisman.

*3.     Plaintiff States a Fourth Amendment Claim of Excessive Force.*

Plaintiff asserts Officer Weisman used excessive force first during the investigatory stop and then during his arrest. This claim is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Reasonableness hinges on "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

Plaintiff alleges that prior to being placed in custody (handcuffed in the back of a patrol car) Officer Weisman used excessive force when he (1) ordered Plaintiff out of the car at gun point, and (2) slammed Plaintiff's head against the hood of a car after Plaintiff attempted to ask a question. ECF No. 1-1 at 5. Plaintiff maintains that throughout the incident, he was compliant with Officer Weisman's instructions and did not resist being taken into custody. *Id.* Taking Plaintiff's allegations as true, he presents a colorable excessive force claim based on Officer Weisman's use of a drawn weapon because Plaintiff posed no threat to the public or officer safety and was confronted with a high level of force. *Thompson v. Rahr*, 885 F.3d 582, 587 (9th Cir. 2018) ("In the end, pointing guns at persons who are compliant and present no danger is a constitutional violation") (internal citations and quotations omitted). Additionally, Plaintiff states a claim based on his head slamming because a trier of fact could find this level of force to be unreasonable under the circumstances, particularly since Plaintiff was handcuffed and compliant with the officer's instructions. *Velasquez v. City of Hayward*, Case No. 24-cv-01221-TSH, 2024 WL 4780887, at *3 (N.D. Cal. Nov. 13, 2024) (citing *Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994)). This claim may proceed against Officer Weisman.

5

b.    Plaintiff's Claims Against Officer Carr and the John Doe Officers are Dismissed Without Prejudice and With Leave to Amend.

A plaintiff bringing a § 1983 action must allege facts demonstrating how each named defendant participated in the constitutional violation. *Hill v. Cnty. of El Dorado*, Case No. 2:25-cv-1472 TLN CKD P, 2025 WL 3754124, at *3 (E.D. Cal. Dec. 29, 2025) (citing *Iqbal*, 556 U.S. at 676-77). The Court's review of Plaintiff Complaint demonstrates he attempts to bring his claims against Officer Carr and the two John Doe Defendants identified by their badge number, but he fails to state any facts supporting wrongful conduct by any of these individuals. Rather, Plaintiff's allegations demonstrate only that they were present at the scene. *See* ECF No. 1-1 at 6. This is insufficient to state Fourth Amendment claims. *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (citing *Monell*, 436 U.S. at 936-37) ("Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer"). Because Plaintiff identifies no conduct supporting a conclusion that Officer Carr or the two John Doe Officers engaged in conduct violative of the Fourth Amendment, the Court dismisses Plaintiff's claims against these Defendants without prejudice and with leave to amend.

c.    Plaintiff's Claims Against LVMPD are Dismissed.

To the extent Plaintiff seeks to assert a claim against LVMPD he fails to do so. Under *Monell*, municipalities such as LVMPD can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like LVMPD under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like LVMPD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively,

6

LVMPD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted).  Finally, LVMPD may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff does not identify any facts that would support the elements of a *Monell* claim. However, because he may be able to identify facts to state this claim, it is denied without prejudice and with leave to amend.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment Claims against Officer Weisman will proceed.

IT IS FURTHER ORDERED that the Clerk of Court **must** send one copy of this Order, Plaintiff's Complaint, the Notice of Lawsuit and Request to Waive Service of Summons together with the Waiver of Service of Summons form (attached as Exhibit 1) to the General Counsel's Office at Las Vegas Metropolitan Police Department at m16091c@lvmpd.com and claims@lvmpd.com.

The General Counsel's Office **must**, within 21 days of the issuance of this Order, file a notice advising Plaintiff and the Court whether it will accept service on behalf of Defendant Officer Weisman.  If the General Counsel's Office accepts service of process for Officer Weisman, they must file and serve an answer or other response no later than 60 days after the date of acceptance.

IT IS FURTHER ORDERED that Plaintiff's claims against Officer Carr, the John Doe Officers, and LVMPD are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **April 24, 2026**. The amended complaint must be titled "AMENDED

COMPLAINT" and must be complete—meaning all facts and claims Plaintiff wishes to assert, including those against Officer Weisman, must be stated in the amended complaint. Failure to include a claim in an amended complaint, even one that is allowed to proceed through this Order, will result in that claim no longer proceeding because the amended complaint supersedes—completely replaces—the original Complaint.

IT IS FURTHER ORDERED that if Plaintiff **chooses not to file an amended complaint**, his original Complaint will be the operative complaint and claims against Officer Weisman will proceed.

Dated this 31st day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RAYNARD D. BROWN

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

    Defendants.

Case No. 2:25-cv-02492-RFB-EJY

**RULE 4 NOTICE OF A LAWSUIT AND
REQUEST TO WAIVE SERVICE OF
SUMMONS**

TO:    Defendant Officer Weisman, Badge No. 17884
        c/o Las Vegas Metropolitan Police Department
        400 S. Martin Luther King Blvd., Bldg. B
        Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Complaint is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: March 31, 2026

ELAYNA J. YOUCHAH
UNITED STATES MAGISGRATE JUDGE

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RAYNARD D. BROWN,

     Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

     Defendants.

Case No. 2:25-cv-02492-RFB-EJY

**RULE 4 WAIVER OF SERVICE OF SUMMONS**

TO:   The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case.  Defendant(s) also received a copy of the Complaint.  I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;   _____;

_____;   _____.

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date:_____

_____
(Signature of attorney or unrepresented party)

_____
Printed name

Address:_____

Email Address:_____

Telephone Number:_____

12